# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

RACHEL A. SHAPIRO,
individually and on behalf of all
others similarly situated,

**CLASS ACTION**

      Plaintiff,

**JURY TRIAL DEMANDED**

v.

DYNAMIC RECOVERY SOLUTIONS, LLC,
a foreign limited liability company,

      Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff, Rachel A. Shapiro, brings this class action against Defendant, Dynamic Recovery Solutions, LLC, and alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1.      This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), arising from Defendant's knowing and willful violations of the TCPA.

2.      Defendant is a nationwide debt collector providing collection services to banking, student loan, health care, and retail businesses.

3.      This case arises from Defendant's transmission of automated and prerecorded debt collection calls to the cellular telephones of Plaintiff and others, without consumers' prior express consent.

4.      Various lawsuits have been filed against Defendant for violating the TCPA.

Nevertheless, Defendant continues to violate the statute and consumers' privacy rights

5.     Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals.  Plaintiff also seeks statutory damages on behalf of herself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6.     Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant.  Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

7.     Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction.  Further, Defendant's tortious conduct against Plaintiff occurred within the State of Florida and, on information and belief, Defendant has sent the same calls complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of Florida.

## PARTIES

8.        Plaintiff is a natural person who, at all times relevant to this action, was a resident of Broward County, Florida.

9.        Defendant is a foreign limited liability company with its principal place of business located at 135 Interstate Blvd., Ste. 6, Greenville, South Carolina 29615.  Defendant directs, markets, and provides its business activities throughout the State of Florida.

## THE TCPA

10.        The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded voice; (3) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A).

11.        The TCPA exists to prevent communications like the ones described within this Complaint.  "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

12.        In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

13.        Further, it is the defendant's burden to demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

14.        The Federal Communications Commission ("FCC") is empowered to issue rules

and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.  *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

15.     As held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

## FACTS

16.     Defendant placed numerous automated and prerecorded calls to Plaintiff's cellular telephone number ending in 9127 (the "9127 Number"), including, but not limited to, on the following dates and times:

- December 7, 2017 at 11:07 a.m.

- December 8, 2017 at 9:07 a.m.

- December 11, 2017 at 8:49 a.m.

- December 12, 2017 at 8:45 a.m.

- December 13, 2017 at 8:25 a.m.

- December 14, 2017 at 9:13 a.m.

- December 15, 2017 at 8:47 a.m.

- December 18, 2017 at 10:48 a.m.

- December 19, 2017 at 8:45 a.m.

- December 20, 2017 at 8:40 a.m.

- December 21, 2017 at 8:46 a.m.

17.     The above referenced calls originated from telephone number 866-636-0534, a number owned and operated by Defendant, and answered by Defendant's employees and/or agents.

18.     Plaintiff received the subject calls within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.  Upon information and belief, Defendant caused other automated and prerecorded calls to be sent to the cellular telephones of other individuals residing within this judicial district.

19.     In placing the above referenced calls to Plaintiff, Defendant utilized a combination of hardware and software systems that have the current capacity or present ability to generate or store random or sequential numbers or to dial sequentially or randomly at the time the call is made, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

20.     In fact, on its website, Defendant admits that it uses a "dialing platform for all predictive…calls."[1]

21.     At no point in time did Plaintiff provide Defendant with her express consent to be contacted using an automatic telephone dialing system or an artificial or prerecorded voice.

22.     Plaintiff does not owe a debt to Defendant, or any company represented by Defendant.

23.     Plaintiff has never had any type of relationship with Defendant.

---

[1] *See* https://www.gotodrs.com/technology; (last accessed on January 1, 2018).

24.     Further, the 9127 Number has been on the National Do Not Call Registry since 2004.

25.     Plaintiff is the subscriber and sole user of the 9127 Number.

26.     Defendant's calls caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

27.     Other members of the class, incensed by Defendant's privacy violations, have taken to the Internet to voice their frustrations.  The following is just a small sampling of those complaints:

- Some [***] calling for someone we don't know. Says our number is the number they have for this person and they will keep calling until we put this person we don't know on the line.

- These are Domestic Terrorists. It is well documented that most of their debt recovery attempts are scams manufactured by these terrorists to try and scare people into paying debts they never owed. If they call you, hang up immediately and inform the authorities. There are also law firms that are active in trying to shut this Terrorist Organization down that can help and protect you.

- BOLO SCAM ALERT: 'Dynamic Recovery Solutions' is Calling Senior Citizens in Florida With Phony Debt Scam.

- This number has called me several times.  I have only ever answered this once before from a different number and they ask for Jeffrey Griffin.  Today I answered again and the same thing.  They wanted Jeffrey Griffin.  When I told them it wasn't his phone and I had no idea who he was, they proceeded to tell me they needed another number for him and did I have a landline.  I again said I don't know this person.  They replied well we need a number for him.  I hung up.  Don't answer when this number calls.  I get called repeatedly from this number. I have blocked it.

- They called said my name then told me they would be recording this call, that they are a debt collector but I can't be used for this debt but are willing to work something out.  Then asked me to state my full name and address.  I told them to remove my number from their list and not call me again.

- The problem is that these crooks call anybody and anyone in their attempt to steal money.  We have done an exhaustive investigation and have found the with the exception of you, no one who posted in this thread is owes money.  We have further found out that you are the universe's biggest deadbeat.

- Got a call from this number asking for my husband, I told them he died four and a half years ago. She said I am so sorry for your loss. Have a nice day and hung up.[2]

## CLASS ALLEGATIONS

### PROPOSED CLASS

28.      Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

29.      Plaintiff brings this case on behalf of a Class defined as follows:

> **No Consent Class:  All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a call using automatic telephone dialing system or an artificial or prerecorded voice, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number, without emergency purpose and without the recipient's prior express consent.**

> **Do Not Call Registry Class:  All persons within the United States who, within the four years prior to the filing of this Complaint, were sent more than one call using automatic telephone dialing system or an artificial or prerecorded voice, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number, within any 12-month period, where the cellular telephone number had been listed on the National Do Not Call Registry for at least thirty days, without emergency purpose and without the recipient's prior express consent.**

---

[2] *See* https://800notes.com/Phone.aspx/1-866-636-0534/6; (last accessed on January 7, 2018).

30.        Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

31.        Upon information and belief, Defendant has placed automated and/or prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

32.        The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

33.        There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the Class are:

(1) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

(2) Whether Defendant can meet its burden of showing that it obtained prior express consent to make such calls;

(3) Whether Defendant's conduct was knowing and willful;

(4) Whether Defendant is liable for damages, and the amount of such damages; and

(5) Whether Defendant should be enjoined from such conduct in the future.

34.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits automated and/or prerecorded calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

35.      Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

36.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

37.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

38.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.

Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## Violations of the TCPA, 47 U.S.C. § 227
## (On Behalf of Plaintiff and the No Consent Class)

39.    Plaintiff incorporates and re-alleges by reference paragraphs 1-38 as if fully set forth herein.

40.    It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

41.    Defendant – or third parties directed by Defendant – transmitted calls using an automatic telephone dialing system or an artificial or prerecorded voice to the cellular telephone numbers of Plaintiff and members of the putative class.

42.    These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

43.    Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system or an artificial or prerecorded voice to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

44. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

45. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id*.

46. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecorded calls to their cellular telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

**COUNT II**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

47. Plaintiff incorporates and re-alleges by reference paragraphs 1-38 as if fully set forth herein.

48. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

49. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber

11

who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

50.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the FCC's July 3, 2003 Report and Order, which in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.[3]

51.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless telephone subscribers such as Plaintiffs and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in 47 C.F.R. § 64.1200(d)(3).

52.     Defendant also violated 47 C.F.R. § 64.1200(d) by failing to have a written policy of dealing with do not call requests, by failing to inform or train its personnel engaged in telemarketing regarding the existence and/or use of any do not call list, and by failing to internally record and honor do not call requests.

---

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

53.     Defendant made more than one unsolicited telephone call to Plaintiffs and other members of the Do Not Call Registry Class within a 12-month period without their prior express consent to receive such calls. Plaintiffs and other members of the Do Not Call Registry Class never provided any form of consent to receive telephone calls from Defendant, and/or Defendant does not have a current record of consent to place telemarketing calls to them.

54.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above.

55.     As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

56.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Rachel A. Shapiro, on behalf of herself and the other members of the Class, prays for the following relief:

a.  A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b.  An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers assigned to cellular telephones without the prior express permission of the called party;

c.  An award of actual and statutory damages; and

d.  Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the Defendant and the communication or transmittal of the calls as alleged herein.

Date:  January 8, 2018

Respectfully submitted,

| **HIRALDO P.A.** | **DeNITTIS OSEFCHEN PRINCE P.C.** |
|---|---|
| | Stephen P. DeNittis |
| */s/ Manuel S. Hiraldo* | *Pro Hac Vice Forthcoming* |
| Manuel S. Hiraldo | Ross H. Schmierer |
| Florida Bar No. 030380 | *Pro Hac Vice Forthcoming* |
| 401 E. Las Olas Boulevard | 525 Route 73 North, Suite 410 |
| Suite 1400 | Marlton, NJ 08083 |
| Ft. Lauderdale, Florida 33301 | (856) 797-9951 |
| Email: mhiraldo@hiraldolaw.com | sdenittis@denittislaw.com |
| Telephone: 954.400.4713 | rschmierer@denittislaw.com |
| | |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |